IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| QUADRAY HOBBS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WHEELER CORRECTIONAL FACILITY; )<br>JENNIFER CLARK, Contract Monitor; )<br>S GIVENS, Kitchen Stewardess; )<br>D ROYAL, Chief of Security; )<br>ROTUNDA KEMP, Case Manager; )<br>OFFICER SHERROD; and )<br>LT. L. JOHNSON, Grievance Coordinator, )<br>)<br>Defendants. ) | CV 322-140 |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Telfair State Prison, is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's pleadings must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*). The Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*), but the Court may dismiss the complaint or any portion thereof if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

**I.     BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996).  28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1726 (U.S. 2020) ("The point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits."). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Rivera, 144 F.3d at 721-27.

To that end, the form complaint on which Plaintiff submitted his claims, "Questionnaire for the Prisoners Proceeding Pro Se Under 42 U.S.C. § 1983," requires, *inter alia*, that prisoner plaintiffs disclose whether (1) they have filed a lawsuit dealing with the same or similar facts or issues that are involved in this action; (2) they have filed any other lawsuit, other than a direct criminal appeal or habeas action, while detained; and, (3) any federal suit in which they were permitted to proceed IFP was dismissed on the ground that it was frivolous, malicious,

or failed to state a claim. (Doc. no. 1, pp. 2-3.) The form cautions that failure to disclose all prior civil cases may result in dismissal of the instant case and specifically states if the plaintiff is unsure of any prior cases, that fact must be disclosed. (Id. at 2.)

## II.     DISCUSSION

### A.     The Case Should Be Dismissed Because Plaintiff Failed to Truthfully Disclose His Prior Filing History

Here, pursuant to Federal Rule of Civil Procedure 11, Plaintiff disclosed one prior case in his complaint, indicating it dealt with similar issues as the present action: Hobbs v. Dooly State Prison, 5:22-CV-283 (M.D. Ga. Aug. 1, 2022). (Doc. no. 1, pp. 2-3.) Plaintiff declined to answer whether he filed any other federal lawsuits and checked "no" when asked if he ever had a suit in which he proceeded IFP dismissed on the grounds of it being frivolous, malicious, or for failing to state a claim. (Id at 3.) However, the Court is aware of at least one case where Plaintiff proceeded IFP which was dismissed at screening for failure to state a claim: Hobbs v. Mercer, No. CV 2:10-057, 2010 WL 2367510, at *2 (S.D. Ga. May 21, 2010), *adopted by* 2010 WL 2367506 (S.D. Ga. June 11, 2010).

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Strickland v. United States, 739 F. App'x 587, 587-88 (11th Cir. 2018) (*per curiam*) (affirming dismissal of complaint based on failure to disclose eight habeas petitions filed in district court); Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (*per curiam*) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (*per curiam*) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (*per curiam*) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by*, Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

Indeed, "pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the court determines that the action is 'frivolous or malicious.'" Burrell v. Warden I, 857 F. App'x 624, 625 (11th Cir. 2021) (*per curiam*) (citing 28 U.S.C. § 1915(e)(2)(B)(i)). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." Id.  The practice of dismissing a case as a sanction for providing false information about prior filing history is also well

4

established in the Southern District of Georgia. See, e.g., Williamson v. Cnty. of Johnson, GA, CV 318-076, 2018 WL 6424776 (S.D. Ga. Nov. 5, 2018), *adopted by* 2018 WL 6413195 (S.D. Ga. Dec. 6, 2018); Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006) (*per curiam*). Plaintiff's failure to disclose his prior case discussed above was a blatantly dishonest representation of his prior litigation history, and this case is subject to dismissal without prejudice as a sanction for abusing the judicial process.[1]

### B.  The Case Should Also Be Dismissed Because It Fails to State a Claim Upon Which Relief Can Be Granted

#### 1.  Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff

---

[1] Plaintiff's claims in the instant case revolve around events taking place after July 30, 2022. Thus, Plaintiff may still timely re-file his § 1983 claims, should he choose to do so. See Kline v. Warden, No. 21-12620-F, 2021 WL 9203812, at *2 (11th Cir. Dec. 22, 2021) (*per curiam*) (affirming dismissal without prejudice as sanction for dishonest filing history where plaintiff may timely re-file claims).

5

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  The complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Erickson, 551 U.S. at 94; Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, this liberal construction does not mean that the Court has a duty to re-write the complaint.  See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020) ); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Valid Claim for Relief

Even if the case were not due to be dismissed based on Plaintiff's dishonesty, the case fails to state a claim upon which relief can be granted. Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.  Plaintiff names the following Defendants: (1) Wheeler Correctional Facility ("Wheeler"), (2) Jennifer Clark, Contract Monitor, (3) Ms. S. Givens, Kitchen Stewardess, (3) Mr. D. Royal, Chief of Security, (4) Rotunda Kemp, Case Manager, (5) M. Sherrod, Officer, and (6) Lt. L. Johnson,

Grievance Coordinator. (Doc. no. 1, pp. 1-4.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On July 30, 2022, Plaintiff reported to his assigned kitchen detail where Defendant Givens made a comment alleging Plaintiff was gay. (Id. at 5.) Plaintiff denied the accusation and alleges Defendant Givens made such comment based on an unspecified occurrence at Dooly State Prison of which she was aware. (Id.) Plaintiff filed a grievance concerning Defendant Givens' comment. (Id.) When Plaintiff's counselor Defendant Kemp approached Defendant Givens regarding the grievance, Defendant Givens falsely claimed Plaintiff "was being aggressive towards her" so she had to remove Plaintiff from the kitchen detail. (Id.) Plaintiff alleges the statement by Defendant Givens caused other staff members to begin harassing him. (Id.) Defendant Kemp wrote Plaintiff five disciplinary reports ("DRs") in the week-and-a-half following the incident with Defendant Givens, causing even more staff at Wheeler to also harass him, including Defendants Clark and Royal. (Id.) Plaintiff further alleges Defendant Kemp is spreading rumors about Plaintiff, defaming him, and slandering his name. (Id.)

Plaintiff wrote numerous grievances, but each one was denied due to the rank held by Defendant Clark and Defendant Royal within Wheeler. (Id.) Plaintiff alleges Defendants Clark and Royal shared with other staff members that Plaintiff was threatening them, resulting in Plaintiff being placed in segregation for thirty-nine days, longer than the standard period. (Id.) Plaintiff contends that when he submits grievances they are dropped and his appeals for the DRs he has received are not sent to the correct officials. (Id. at 5-6.) Plaintiff further contends that either Defendant Clark or Royal is retaliating against him by keeping him

in segregation ("the hole") due to the grievances he has filed against one of them and other Wheeler staff members. (Id. at 6.)

Defendant Sherrod is also harassing Plaintiff's family via social media and has threatened Plaintiff for a grievance filed against her when she did not allow him to go to chow call. (Id.) Plaintiff last claims "administration staff" are "hindering [him] from fighting [his] court case" by not allowing him full access to the law librarian. (Id.) Plaintiff requests $350,000 in relief. (Id. at 7.)

Plaintiff has since filed a "Motion Requesting Final Judgment" asking the Court to grant a Judgment in his favor because the unserved "defendants have failed to present a reasonable defense." (Doc. no. 18.)

### a.  Wheeler Correctional Facility Is Not Subject to Suit

Defendant Wheeler Correctional Facility is not a proper party, as jails and prisons are not legal entities subject to liability in § 1983 claims. See Jamelson v. Unnamed Defendant, No. CV 617-103, 2017 WL 6503630, at *2 (S.D. Ga. Dec. 19, 2017) (holding "Georgia State Prison . . . is not a separate legal entity capable of being sued"), *adopted by* 2018 WL 616142 (S.D. Ga. Jan. 29, 2018); Parks v. Georgia, No. CV 517-047, 2017 WL 2930832, at *3 (S.D. Ga. July 10, 2017) (holding "penal institutions . . . are generally not considered legal entities subject to suit"); see also Brannon v. Thomas Cty. Jail, 280 F. App'x. 930, 934 n.1 (11th Cir. 2008) (noting Thomas County Jail is not entity capable of being sued under Georgia law). Appropriate parties for suit under § 1983 included "persons" who participated in the alleged violation. See 42 U.S.C. § 1983 (subjecting only "persons" to liability); Ga. Insurers Insolvency Pool v. Elbert Cty., 368 S.E.2d 500, 502 (Ga. 1988) (limiting § 1983 liability to "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law

recognizes as being capable to sue") (quotations omitted). Thus, Plaintiff fails to state a claim upon which relief can be granted as to Defendant Wheeler Correctional Facility.

### b. Plaintiff Fails to State a Viable Retaliation Claim

Under the First Amendment, prison officials may not retaliate against inmates for filing lawsuits or administrative grievances. Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003). "To prevail on a retaliation claim, an inmate must show that (1) he engaged in speech or conduct protected by the Constitution; (2) the defendant took action of such a nature that it 'would likely deter a person of ordinary firmness' from exercising that right; and (3) a causal connection exists between the protected activity and the retaliatory action." Id. at 762 (quoting Bennett v. Hendrix, 423 F.3d 1247, 1254 (11th Cir. 2005)); see also Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008).

Additionally, a complaint must contain enough facts to state a claim of retaliation that is plausible on its face. Id. (citing Twombly, 550 U.S. at 554). A prisoner may state a cognizable § 1983 claim by alleging the actions of prison officials "that might not otherwise be offensive to the Constitution" may be brought "within the scope of the Constitution by alleging that the actions were taken in retaliation for filing lawsuits and administrative grievances." Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986). In Bennett v. Hendrix, 423 F.3d 1247 (11th Cir. 2005), the Eleventh Circuit clarified the standard for asserting a cognizable retaliation claim: "A plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from exercise of First Amendment rights." Id. at 1254.

Plaintiff fails to state a viable retaliation claim against any Defendant. Plaintiff only specifies two instances of retaliation for grievances he filed: first when either Defendant Clark

9

or Royal placed Plaintiff in the hole, and second when Defendant Sherrod made threats against Plaintiff and harassed his family. Plaintiff does not adequately allege a causal connection between his grievances and Defendants Clark, Royal, and Sherrods' allegedly retaliatory acts. Plaintiff claims his time in segregation was extended "over the standard time frame the state allows . . . without a DR" based on the grievances he filed. (Doc. no. 1, p. 5.) However, Plaintiff also admits he received five disciplinary reports before being sent to segregation, which would appear to independently justify an extended period of segregation according to Plaintiff's facts. "This is not a sequence of events from which one could, without more, plausibly infer a retaliatory motive." Smith v. Florida Dep't of Corr., 375 F. App'x 905, 911 (11th Cir. 2010) (*per curiam*).

Plaintiff's allegations against Defendant Sherrod are similarly bare, as he fails to provide any detail why Defendant Sherrod's behavior is connected to Plaintiff's grievance and how Defendant Sherrod has been harassing and threatening Plaintiff and his family. See id. at 911 (finding conclusory allegations of retaliatory motive insufficient to raise allegation of retaliation above speculative level) (citing Iqbal, 556 U.S. at 680). "A prisoner must show more than his personal belief that he is the victim of retaliation," and Plaintiff has alleged no facts indicating that Defendant Sherrod's actions were related to the grievance, other than simply saying so. Bonaparte v. Jimenez, No. 5:12-CV-639-OC-10PRL, 2015 WL 846752, at *5 (M.D. Fla. Feb. 26, 2015); see Frye v. Snider, No. 220CV415FTM38NPM, 2020 WL 5946427, at *3 (M.D. Fla. Oct. 7, 2020) (dismissing retaliation claim at screening when plaintiff alleged "no specific dates, a chronology of events, or specific facts pointing to . . . intent to retaliate . . . [and] . . . no particular circumstances, such as a close proximity in time between when Plaintiff filed the grievances/lawsuit and any adverse action by Defendant");

see also Woods v. Edwards, 51 F.3d 577, 580 (5th Cir. 1995) (rejecting retaliation claim at summary judgment when plaintiff "offered no evidence, other than a personal belief that he is the victim of retaliation").

### c. Plaintiff Fails to State a Viable Failure-to-Protect Claim

Plaintiff generally alleges Defendants Givens, Kemp, Clark, and Royal have been harassing him in prison, resulting in prison staff turning against him. Plaintiff specifies that Defendant Royal and Clark have told staff Plaintiff threatened them, resulting in an increased security level for Plaintiff, and Defendant Sherrod has been making threats "about getting [Plaintiff] assaulted" on social media. (Doc. no. 1, p. 6.) Other than Defendant Sherrod, Plaintiff fails to elaborate what actions he believes constitute Defendants' harassment of him, and to the extent Plaintiff is attempting to allege a failure-to-protect claim under the Eighth Amendment, he fails.

The three elements of such a failure-to-protect claim include: (1) incarceration under conditions posing a substantial risk of harm; (2) the defendants had a sufficiently culpable state of mind; and (3) causation, e.g., demonstrating the constitutional violation caused an injury. Cox. v. Nobles, 15 F.4th 1350, 1357-58 (11th Cir. 2021). Plaintiff has not alleged the necessary elements with respect to any Defendant regarding the alleged harassment. Plaintiff has not provided any details about Defendants Givens, Kemp, Clark, and Royals' harassment or alleged any injury or exposure to physical harm as a result of their actions. The little detail he provides regarding the nature of Defendant Sherrod's statements does not save his complaint, as he still fails to allege any injuries or risk specifically due to Defendant Sherrod's social media activity.

Regardless, while discussing claims of sexual harassment by prison guards, the Eleventh Circuit has held "'verbal taunts . . . however distressing' do not violate a prisoner's constitutional

11

rights under the Eighth Amendment." In re Eric Watkins Litig., 829 F. App'x 428, 431 (11th Cir. 2020) (quoting Edwards v. Gilbert, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989). Likewise, "actions alleging defamation of character or injury to reputation are not cognizable in a § 1983 action" and "a plaintiff may not recover under § 1983 for mental or emotional injury." Hendrix v. Walker, No. CV106-128, 2007 WL 842029, at *4 (S.D. Ga. Mar. 15, 2007) (citing 42 U.S.C.1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act.")). Plaintiff does not allege more than verbal actions and emotional or reputational injuries, so his complaint fails to state a claim under the Eighth Amendment.

### d. Plaintiff Fails to State a Claim Against Defendant Johnson and For Access to the Law Library

The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas, 535 F.3d at 1321-22 ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Thus, Plaintiff must describe how each individual participated in any alleged constitutional violation or other acts and omissions he claims to have caused him injury. Here, Plaintiff lists Defendant Johnson in the portion of the form reserved for identifying Defendants, (doc. no. 1, p. 4), but he does not mention him anywhere in his statement of claim. As Plaintiff does not connect Defendant Johnson to an alleged constitutional violation, he should be dismissed.

Plaintiff also fails to associate any Defendant to his claims regarding access to the law library, as he only alleges, "The Administrative Staff is hindering me from fighting my court case, certain things pertaining to the law they won't allow the law librarian to bring to you." (Id. at 6.) While Plaintiff may seek relief under § 1983 for denial of access to the courts, Plaintiff completely fails to associate his brief allegations with the actions of any named Defendant. He thus fails to state a claim regarding access to the courts. See Douglas, 535 F.3d at 1321-22 (finding complaint failed to state a claim of retaliation when Plaintiff failed to allege facts connecting defendants with the retaliatory actions).

## III.   CONCLUSION

Because Plaintiff has abused the judicial process by providing dishonest information about his filing history, and because he fails to state a claim upon which relief may be granted, the Court **REPORTS** and **RECOMMENDS** the "Motion Requesting Final Judgment" be **DENIED**, (doc. no. 18), and this action be **DISMISSED** without prejudice.

SO REPORTED and RECOMMENDED this 1st day of March, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA