IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| QUADRAY HOBBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 322-140 |
| | ) | |
| WHEELER CORRECTIONAL FACILITY; | ) | |
| JENNIFER CLARK, Contract Monitor; | ) | |
| S GIVENS, Kitchen Stewardess; | ) | |
| D ROYAL, Chief of Security; | ) | |
| ROTUNDA KEMP, Case Manager; | ) | |
| OFFICER SHERROD; and | ) | |
| LT. L. JOHNSON, Grievance Coordinator, | ) | |
| | ) | |
| Defendants | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 21.) The Magistrate Judge recommended dismissing the case without prejudice because Plaintiff provided dishonest information about his prior filing history and failed to state a claim upon which relief may granted. (Doc. no. 19.) Plaintiff does not dispute he filed the undisclosed case identified by the Magistrate Judge but instead claims he was unaware he did so. (Doc. no. 21, p. 1.) His excuses are unavailing. See Shelton v. Rohrs, 406 F. App'x 340, 341 (11th Cir. 2010) (affirming dismissal for failure to disclose filing history even when plaintiff did not remember filing lawsuits and explained records were unavailable to him in prison).

Regardless, even if Plaintiff had not been dishonest about his prior filing history, as the Magistrate Judge also explained, the case is subject to dismissal because Plaintiff fails to state a claim upon which relief may be granted. (Doc. no. 19, pp. 6-12.) The new facts alleged in Plaintiff's objections do not disturb the Magistrate Judge's recommendation. While Plaintiff now attributes his lack of access to the law library to retaliation by Defendants Royal and Clark, his conclusory, factual allegations still do not show anything other than his personal belief Defendants retaliated against him. Similarly, his new factual allegations against Defendant Johnson, who he did not include in his statement of claim initially, only show her saying, "I told you I was going to get you for threatening officer/staff." (Doc. no. 21, p. 2.) Without anymore, Plaintiff's short allegations fail to show whatever action Defendant Johnson took was in retaliation of protected speech, as is required for a First Amendment claim.

Accordingly, the Court **OVERRULES** all objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DENIES** the Motion Requesting Final Judgment, (doc. no. 18), **DISMISSES** this case without prejudice, and **CLOSES** this civil action.

SO ORDERED this 31st day of March, 2023, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE